UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK MANN,

    *Plaintiff*,   CASE NO. 14-CV-10865

v.   DISTRICT JUDGE JOHN CORBETT O'MEARA
    MAGISTRATE JUDGE PATRICIA T. MORRIS

J. A. TERRIS, Warden, LNU,
Facilities Manager, LNU,
Associate Warden Operations,
SAUNDERS, Director, Bureau
of Prisons, ERIC HOLDER,
Attorney General,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** with prejudice.

**II.   REPORT**

    **A.   Introduction**

On February 25, 2014, Plaintiff Jack Mann filed a *pro se* prisoner civil rights complaint pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).[1]

---

[1] A *Bivens* action is a "judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." *Yeager v. General Motors Corp.*, 265 F.3d 389, 398 (6th Cir. 2001). It is "the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983." *Hartman v. Moore*, 547 U.S. 250, 255 n.2, 126 S. Ct. 1695, 164 L. Ed. 2d 441 (2006).

Magistrate Judge R. Steven Whalen granted Plaintiff's application to proceed without prepayment of fees and ordered the U.S. Marshal to serve the complaint on all defendants. (Doc. 6, 7.)

On April 24, 2014, the case was referred to the undersigned magistrate judge for purposes of conducting all pretrial proceedings. (Doc. 13.) After screening the *pro se* complaint pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1), I conclude that the case is ready for Report and Recommendation.

### B.   Governing Law

A civil rights action under 42 U.S.C. § 1983 or *Bivens* consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A complaint must be dismissed for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly* plausibility standard

applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

This case is subject to initial review, or "screening," under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915A, 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e(c)(1), a court is to *sua sponte* dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Such a screening statute allows a court to go beyond the usual dismissal standards because it provides a court with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (referring to the screening statute found in 28 U.S.C. § 1915).

### C. The Complaint

Plaintiff is incarcerated at Federal Correctional Institution ("FCI") Milan in Milan, Michigan. Plaintiff's complaint alleges that:

> 1. FCI Milan does not have 1 toilet for every 15 inmates in housing units B1, B2, F1, F2.
> 2. FCI Milan does not have one shower per every 20 inmates in Housing Units B1, B2, F1, F2.
> 3. FCI Milan does not have one urinal or foot of urinal trough per every 15 inmates.
> 4. FCI Milan does not have one lavatory per every 10 inmates.
> 5. Warden Terris, Facilities Manager, and Associate Warden of Operations is not complying to the decisions in *Pugh v. Locke*, 406 F. Supp. 318 (M.D. Ala. 1976)...

(Doc. 1 at 4.)

Plaintiff alleges that these conditions violate the Eighth and Fourteenth Amendment right to be free from cruel and unusual punishment. (Doc. 1 at 4-5.) Plaintiff seeks injunctive and monetary relief. (Doc. 1 at 7.)

**D.    Discussion**

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)). Pretrial detainee claims, though they sound in the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244, 103 S. Ct. 2979, 77 L. Ed. 2d 605 (1983), are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979)).

An Eighth Amendment claim requires that the plaintiff make a showing of deliberate indifference. *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citing *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)); *see also Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). In dealing with deliberate indifference claims in the past, the Sixth Circuit has enumerated several specific types of claims for factual scenarios that frequently arise. These types include, but are not limited to, conditions of confinement, excessive force, and medical needs. *See, e.g., Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (conditions of confinement and excessive force); *Harrison*, 539 F.3d at 518 (medical needs).

The "United States Constitution does not specify the number of toilets required in a prison cell" and therefore, "while the American Correctional Association recommends one toilet per twelve inmates, those standards 'do not establish constitutional minima.'" *Kennedy v. Cusman*, No. 06-5274, 2007 WL 1302554, at * (E.D. La. May 2, 2007), *quoting Patchette v. Nix*, 952 F.2d 158, 163 (8th Cir. 1991)(finding one toilet per twenty-four inmates was no unconstitutional); *see also*

4

*Rouse v. Caruso*, No. 06-cv-10961, 2011 WL 918327, at *23 (E.D. Mich. 2011)(collecting cases where ratios as high as 28 inmates per shower and 13 inmates per toilet did not establish an Eighth Amendment violation where there was no allegation that hygiene was affected).  Plaintiff has not alleged that he was unable to utilize the toilet when needed and cannot establish a constitutional violation based merely on FCI Milan's failure to meet recommended guidelines. *Patchette v. Nix*, 952 F. 2d at 163; *accord Hamblin v. Steed*, No. 6:11-cv-06026, 2013 WL 791468, at *5 (W.D. Ark. Jan. 30, 2013).

Accordingly, I suggest that Plaintiff's complaint be *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b), 1915e(2)(B), and 42 U.S.C. § 1997e(c)(1).

**III.    REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

5

*Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Date: May 16, 2014 /S PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, and served by first class mail on Jack Mann, #22865-424, FCI Milan, P.O. Box 1000, Milan, MI, 48160.

Date: May 16, 2014 By       s/*Jean L. Broucek*
Case Manager to Magistrate Judge Morris